IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01973-BNB

DEAN CARBAJAL,

Applicant,

v.

STATE OF COLORADO,
DELTA COUNTY JAIL,
DELTA COUNTY PROBATION, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 8 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO SHOW CAUSE

Applicant, Dean Carbajal, currently resides in Northglenn, Colorado. Mr. Carbajal has filed a *pro se* Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state conviction in Case No. 99-cr-96.

The Court must construe the Application liberally because Mr. Carbajal is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carbajal will be ordered to show cause why the Application should not be denied and the action dismissed for failure to exhaust state remedies.

Mr. Carbajal alleges that he was convicted on August 31, 2001, in the Delta County District Court on one count of second degree sexual assault and that he was sentenced to a four-year deferred sentence. Applicant further asserts that in August

2005 the four-year deferred sentence expired by operation of law, and he filed a petition to dismiss his conviction and to withdraw the guilty plea. Subsequently, Applicant claims that on April 25, 2006, the district attorney filed a motion to enter judgment and to impose the sentence asserting a breach of a condition of the deferred sentence. Applicant contends that an agreement was reached with the state instituting a new deferred sentence starting on July 14, 2006. Applicant further states that on August 16, 2006, he filed a Colo. R. Crim. P. 35(a) motion to vacate the sentence, and on June 18, 2007, the state court denied the Rule 35(a) motion. Applicant also states that he then filed an extraordinary writ in the nature of mandamus/prohibition pursuant to Rule 21 of the Colorado. Appellate Rules with the Colorado Supreme Court. The writ was denied in August 2007.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action

2

bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, filing a Rule 21 petition in the Colorado State Supreme Court does not satisfy the requirement that Mr. Carbajal must exhaust his state court remedies, because he has not presented all of his claims to the Colorado Supreme Court fairly. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. "We have repeatedly held that this court will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court." *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

Furthermore, the Court notes that Applicant asserts in his Petition for a Preliminary Injunction that his criminal case, which is at issue in this case, currently is before the Delta District Court of Colorado. As stated above, a habeas application may not be granted unless all state remedies are exhausted. Mr. Carbajal, therefore, will be ordered to show cause why the Application should not be denied for failure to exhaust state remedies. Accordingly, it is

3

ORDERED that Mr. Carbajal show cause in writing **within thirty days from the date of this Order** why the Application should not be denied for the reasons stated in the Order. It is

FURTHER ORDERED that the Response shall be titled "Response to Order to Show Cause" and shall be filed **within thirty days from the date of this Order** with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that if Mr. Carbajal fails to show cause to the Court's satisfaction **within thirty days from the date of this Order**, the Application shall be denied and the action shall be dismissed without further notice.

DATED January 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01973-BNB

Dean Carbajal
2266 E. 109th Drive
Northglenn, CO 80233

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/28/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk