IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 10 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01973-BNB

DEAN CARBAJAL,

Applicant,

v.

STATE OF COLORADO,
DELTA COUNTY JAIL,
DELTA COUNTY PROBATION, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant Dean Carbajal currently resides in Northglenn, Colorado. Mr. Carbajal initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On January 28, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Carbajal to show cause why the Application should not be denied for failure to exhaust state court remedies. On February 28, 2008, Mr. Carbajal filed a Response to the January 28, 2008, Order to Show Cause.

The Court must construe the Application and the Response liberally because Mr. Carbajal is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Overall, Mr. Carbajal sets forth six claims in the Application, including, (1) impaired mental state, (2) failure to appoint counsel on appeal, (3) denial of due process, (4) double jeopardy violation, (5) ineffective assistance of counsel, and (6) illegal sentence. Before Mr. Carbajal may pursue his claims in this Court, he must exhaust state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented "to the highest state court, either by direct review of the conviction or in a postconviction action." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Mr. Carbajal asserts in the Application that he raised all of his claims in the Delta District Court to no avail and then appealed the claims to the Colorado Supreme Court in an extraordinary writ in the nature of a mandamus. In the Response, Mr. Carbajal states that the Colorado Supreme Court denied the writ with no justification. Applicant also asserts in the Response that in extraordinary circumstances a federal court will not require the exhaustion of state court remedies. He further contends that a federal court may either dismiss a mixed petition without prejudice to allow the resubmission of an action asserting only exhausted claims or consider without dismissal only those claims that have been exhausted.

As for Mr. Carbajal's assertion that he has filed a writ of habeas corpus petition with the Colorado Supreme Court, if a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

Mr. Carbajal was informed by Magistrate Judge Boland in the January 28, 2008, Order that a Rule 21 petition, such as he has filed in an attempt to exhaust his state court remedies, does not satisfy the requirement that he must exhaust his state court remedies. Mr. Carbajal has available to him in Colo. R. Crim. P. 35 other appeal procedures by which he may exhaust the merits of his claims in state court. Applicant, therefore, has failed to exhaust his state court remedies with respect to each of the claims that he raises in the instant action. The Court finds no extraordinary circumstances that would merit waiving the state court exhaustion requirement.

Because the Court will deny the Application for failure to exhaust state court remedies the Court will refrain from determining the merits of Mr. Carbajal's claims. Furthermore, because the Court finds that Applicant has failed to exhaust his state court remedies in each of the claims he raises his mixed petition claim is without merit.

3

Mr. Carbajal is instructed that he is subject to the one-year tolling requirement under 28 U.S.C. § 2244(d). He also should take note that the time the instant action was pending in this Court does not toll the time under § 2244(d). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies in each of the claims that Applicant raises in the instant action. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 9 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01973-BNB

Dean Carbajal
2266 E. 109th Drive
Northglenn, CO 80233

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4-10-08

                         GREGORY C. LANGHAM, CLERK

                         By: _____
                                  Deputy Clerk